JUSTICE RICE
concurring in part and dissenting in part.
¶75 I concur in the Court’s holding on Issues One through Four. I dissent from Issue Five.
*166 ¶76 Drawing on its assessment that the Consumer Protection Act constitutes a ‘high legislative priority” with the purpose, unstated anywhere in the statute itself, of “protecting the monetary interests of plaintiffs, and not defendants,” the Court today re-writes the attorney fee provision of the Act to fit its own policy preferences. Although not adopting the Tripps’ argument that prevailing defendants be awarded attorney fees only when a plaintiff has acted in ‘had faith,” it nonetheless concludes that “we should adopt an intermediate standard between ‘bad faith’ and ‘prevailing party.’ ’’The Court’s profound error is this: it is allowed no such choice. The Legislature has already adopted “prevailing party”as the standard-mot ‘had faith,’’‘frivolous,” “unreasonable” or “without foundation”-and this Court is constitutionally powerless to change it-except by taking to itself power it has not been granted.
¶77 The result of this decision, unstated by the Court, is that fewer prevailing defendants will be eligible for an award of attorney fees, and fewer losing plaintiffs will be subjected to payment of a fee award, than intended by the Legislature. Unquestionably then, the Court’s new “standard” takes away from the discretion which the Legislature granted to the district courts for resolution of attorney fee issues under the Act. The Court has thus engaged in an extra-judicial act which usurps legislative authority.
¶78 The federal and state judiciary in our country is today bringing much attention to a principle it holds dear: judicial independence. Criticisms of judicial decisions or legislative proposals which would affect the judicial organization are denounced by the judiciary and its affiliated organizations, such as the various Bars, as an infringement upon judicial independence, as if the judiciary is immune from criticism, or that changes in the judicial structure are barred by the separation of powers. Many would acknowledge that much of this is political rhetoric,[3] and yet, there is a central premise to judicial independence that must rightly be preserved. Defenders of judicial independence often fail to understand, however, that the judiciary can best protect its independence by being careful not to infringe on the independence of the legislative and executive branches:
The power of the Supreme Court to command acceptance and support not only for its decisions but also for its role in government seems to depend upon a sufficiently widespread *167 conviction that it is acting legitimately, that is, performing the functions assigned to it, and only those functions, in the manner assigned.
Archibald Cox, The Role of the Supreme Court in American GOVERNMENT (Oxford University Press 1976), 104-05.
¶79 The Court today steps outside of its legitimate role and steps into the legislative arena. It thereby invites the other branches to act similarly. It should not act surprised when that occurs.
¶80 I would affirm the District Court on Issue 5.
CHIEF JUSTICE GRAY joins the concurring and dissenting opinion of JUSTICE RICE.

 See Stephen B. Burbank, What Do We Mean by “Judicial Independence”?, 64 Ohio St. LJ. 323 (2003).